MINNIE BLACK, PROSECUTOR, v. CECIL H. MacMAHON, JUDGE OF THE FIRST DISTRICT COURT OF THE CITY OF NEWARK, ET AL., DEFENDANTS.

Submitted May 4, 1943—Decided July 3, 1943.

Before Justices PARKER, HEHER and PERSKIE.

For the prosecutor, *Louis K. Press.*

For the State Board of Medical Examiners, *David T. Wilentz,* Attorney-General, and *Joseph A. Murphy,* Assistant Attorney-General.

The opinion of the court was delivered by

PARKER, J.  The writ brings up for review the conviction of the prosecutor, in a *qui tam* proceeding, for practicing medicine without having obtained the license required by *R. S.* 45:9-6, &c.

The prosecutor held a license as a chiropractor only but, according to the testimony, it is clear that she undertook to diagnose and prescribe for human complaints.  The complaint in the cause is somewhat obscure as to its charge, for

it merely says that prosecutor "did violate section 45:9-22 of Title 45 of the Revised Statutes without first having obtained and filed a license for *such* practice issued by the State Board of Medical Examiners." Obviously, the statement of conduct constituting the alleged violation was in some way omitted. However, no point was made of this at the hearing, and no point is made of it now, and we construe the complaint as charging that the prosecutor, in the language of the section, either commenced or continued the practice of medicine without having obtained the license required.

The case is submitted on briefs.

The first point made in the brief for the prosecutor is that concededly the witnesses who testified to having consulted the prosecutor with regard to ailments were not suffering from any such ailments and visited her merely for the purpose of obtaining evidence. Be this as it may, they stated conditions for which they desired treatment and that treatment was accorded. This, in our opinion, clearly indicates that the prosecutor did in the particular cases practice medicine in the sense intended by the statute. The circumstances are similar to those in *Pinkus* v. *MacMahon,* 129 *N. J. L.* 367.

The second point is in substance the same as that discussed in the Pinkus case, *ubi supra* (at *p.* 369), viz., that the language of the definition is so broad as necessarily to cover a mere casual suggestion by A to B that, for example, bicarbonate of soda is good for an acid condition of the stomach; and that even though (as in the Pinkus case also) the situation did not exist, still because it might conceivably exist, the whole act is vitiated: *Riccio* v. *Hoboken,* 69 *N. J. L.* 649. To this we think there are two sufficient answers. The first is that as a matter of reasonable construction, the whole act relates to the *practice* of medicine, normally for financial reward, and in no way to casual recommendations between relatives and friends: and the second is that even giving the act the broad construction contended for, it is within the power of the legislature constitutionally to say even that such casual recommendations are unlawful.

The third point, which is identical with the third point for the defendants, is that the state has the right to regulate

the practice of medicine. We agree with counsel on both sides as to this point.

The judgment under review will be affirmed, and the writ dismissed, with costs.